Rebecca Spears et al. *v.* Turner L. Cheatham.

1. Bill of discovery—Insufficient allegations—Service of process—Pro-confesso—Chancery practice.—Defendant in error had judgment at law against S., for $3,600. She filed her bill against plaintiffs in error to subject to the satisfaction of her judgment, certain land specified in the bill. "Complainant is informed and believes that Saunders (who is insolvent) purchased from King Prather and paid for the land, but no deed therefor is of record. Complainant has

Assigment of errors.

been informed and believes that Rebecca Spears has been paying taxes on the land, and claiming to have the right and title thereto ; is informed and believes that Saunders procured a conveyance of the lands to be made to said Rebecca, alleging that the same is fraudulent, and intended to hinder and delay creditors. If mistaken in this, and the title still remains in Prather, a trust results to her use, and his equitable interest is subject to the lien of her judgment. The prayer is, that the title, if in Mrs. Spears, or remaining in Prather, be displaced and the land subjected to the judgment. Decree *pro confesso*, was taken against all the defendants ; against Spears and Saunders, on personal service of subpœna, and Prather on publication of notice. *Held :* That Prather was a necessary party to the proceedings ; that the allegations do not disclose where the cloud of title rested ; that the allegations do not make out a sufficient ground for the relief sought, according to the settled rules of law and equity—the neglect to answer amounting to nothing more than an admission of those allegations, and which cannot be broader than the allegations themselves ; and that a final decree of relief upon such *pro confesso* was erroneous, and must be set aside.

2. CHANCERY PRACTICE.—Upon a decree *pro confesso*, all the facts sufficiently stated, are to be taken as true to the same extent as if established by the evidence against the denial of the defendant ; but the complainant can have only such relief as the facts of the case entitle him to, in the judgment of the court ; for it is a well established rule, that if the complainant states an insufficient case, in his bill, he cannot have relief, although he establishes a good case in his evidence.

Error to the chancery court of Lee county. BRADFORD, J.

The facts are fully set forth in the opinion of the court.

The plaintiffs in error assign the following errors :

1. The decree *pro confesso* and final decree were improperly taken as to defendant, King Prather, because the affidavits for order of publication were deficient in this, that they did not state the place of residence of the non-resident defendant, King Prather, or that such residence could not be ascertained, and that the order of the court, directing the publication to be made, did not direct the clerk to transmit, by mail, a copy of such order to the non-resident defendant, King Prather.

2. That judgments *pro confesso*, were improperly taken as to defendants, Saunders and Spears, at rules in the clerk's office, in July, 1868, when the process was returnable, not to that time, but to the regular May term of the chancery court preceding.

*Williams & Eckford,* and *Turner, Green & Pickens,* for plaintiff's in error.

1. It was error to have taken a decree before complainant filed an affidavit as to the place of residence of the non-resident defendant, King Prather, and the order of the court directing publication to be made, ought to have directed the clerk to transmit, by mail, a copy of the order to the non-resident defendant Prather. See acts 1862, p. 264; also Ingersoll v. Ingersoll.

The decree *pro confesso*, taken against defendants Spears and Saunders were void, because taken at rules, when the process was made returnable at a regular term of the chancery court preceding. Rev. Code, 546, art. 39.

One defendant can avail himself of any irregularity, against a co-defendant. Pounds et al. v. Gartman et al., 29 Miss., 138.

*C. D. & J. D. Fontaine,* and *Houston & Reynolds,* for defendant in error.

1. The first assignment of error, so far as it affects the question of a reversal as to King Prather, one of plaintiffs in error, is well taken. A reversal of the decree as to Prather, does not, *ipso facto*, reverse it as to the defendants, Spears and Saunders. A judgment in a court of law is an entirety, and an order as to one defendant will avail his co-defendants, against whom no error has been committed. A judgment, if erroneous in part, is erroneous *in toto*. Barker v. Sheppard; Whitworth v. Carter, 43 Miss., 639.

A decree in equity is not an entirety; it may be erroneous as to some of the defendants, and not so as to others—reversed as to some, and affirmed as to others. Tate v. Leggett, 2 Leigh (Va.), 108–188; Pounds v. Gartman, 29 Miss., 138; Murphy v. Orr, 32 Ill., 489; Dickson v. Chrisman, 28 Mo., 141–144; Griggs v. Detroit, 10 Mich., 117; Pillow v. Thompson, 20 Texas, 206.

In the case of Pounds v. Gartman, 29 Miss., 138, 139, the decree was reversed, because of the want of service of process as to some of the defendants, all of whom were interested as heirs—their interests identical in the matter in controversy.

Where the interest or liability of the defendants to a decree

in equity is identical, then the decree as to them is entire; and the error for one will reverse for all.

In the case now before the court, the interest of Prather is separate and distinct from that of Spears and Saunders. Hence, his interest, being thus separate and distinct, the error in the order of publication as to him will not reverse as to the others. Prather was not a necessary party. After the decree *pro .confesso*, as to Spears and Saunders, complainant in the court below could have dismissed as to Prather, and proceeded to a final decree. If the decree were void, because of the defect in the order of publication, it would be a different question; but this court has repeatedly decided that a defective order of publication or return of process does not make the judgment void. Campbell v. Hays, 40 Miss.

2. The second assignment of error is not well taken. The process was returnable to the May term, 1868; the decree *pro confesso* was taken, not during the term, but before the clerk, at rules on the first Monday in July, 1868. The process was returnable to a regular term of the court, and when returned executed, as it was in this case, the defendants were required to plead, answer, or demur, at that term. The statute provides, " and if the defendant fails to plead, demur, or answer at the time required as aforesaid (the term of the court in this case), the complainants may then, or at any time afterwards (a subsequent rule day), before plea, demurrer or answer filed, be taken as confessed against such defendant. Rev. Code, 546, 547, art. 39.

SIMRALL, J.:

On the 9th April, 1867, Turner L. Cheatham, the defendant in error, recovered judgment in the circuit court of Pontotoc county against L. D. Saunders, for the sum of $3,600.

The 11th of March, 1869, Cheatham exhibited his bill in the chancery court of Lee county, against the plaintiffs in error, for the purpose of subjecting to the satisfaction of his debt, a tract of land therein mentioned. The right so to do, rests on these allegations of the bill:

" That complainant is informed, and believes the fact to be, that Saunders (the judgment debtor) did, sometime in 1860 or 1861, purchase and pay for, from King Prather, the land described, but no deed can be found of record.

" Complainant has been informed, and believes, that Rebecca E. Spears has been paying the taxes on the land, and exercising other acts of ownership, claiming to have the right and title thereto. Saunders, at date of purchase and time of filing the bill, was, and is, insolvent."

" If said Saunders has procured a conveyance from Prather to said Rebecca Spears, as complainant is informed and believes the fact to be," such conveyance is voluntary, and without any consideration valuable in law, and was made to hinder, delay and defraud creditors. " That if misinformed as to the title having been made to Rebecca E. Spears, and the same should be remaining in said Prather; the land has been fully paid for by Saunders, and a trust has resulted from the execution of the contract on his part for her use, and that his equitable title is complete, and chargeable with the lien of the judgment."

" The execution has been levied on the lands, but no sale has been had, because of the apparent legal title outstanding in Prather, or the probable existence of a deed thereto in said Rebecca E. Spears, constituting a cloud on the title by reason of which but a small sum can be realized from the sale.".

The special prayer of relief is to the effect, that if the legal title is still in Prather, or if it has been conveyed to Rebecca E. Spears, in either event that such title may be displaced, or held and declared void as against the judgment. Interlocutory judgment of *pro confesso* was taken against all the defendants—against Saunders, and Rebecca E. Spears, on personal service of subpœna, against Prather on publication notice. The cause went to final hearing on the bill and *pro confesso*. The final decree directed a sale of the land, and appropriation of the proceeds to the judgment—reciting as grounds for the decree, that Prather had sold and conveyed

the land to Saunders (who had paid for the same), which deed Saunders had not recorded; and it further appearing that Rebecca E. Spears is in possession of said land claiming some sort of title thereto, which is no bar to the lien of complainant's judgment," etc.  The *pro confesso* was properly entered up against Saunders and Rebecca Spears—and there is nothing in the error complained of in the second assignment, it is conceded by the counsel for the defendant in error that the *pro confesso* against King Prather is irregular and erroneous (as it manifestly is), which is the matter of the first error assigned.

But it is contended that he is not a necessary party to the suit, and that this error furnishes no reason for reversing the decree as to the other parties.  The general rule is, that all persons having an interest in the subject matter of the suit, are necessary parties, plaintiff or defendant—the chancery proposing by one decree in order to promote repose, and to avoid the vexation and expense of a multiplicity of suits, to settle the rights of all concerned by one decree.

The criterion by which to determine whether a party is nominal or necessary, is to ascertain whether he has a claim or interest in the litigation, which would be concluded by the judgment, whether relief is asked against him, which, in any aspect of the case made by the bill, may be granted.  The averments of the bill is, that if " misinformed as to the title being made to Rebecca E. Spears, and the same should be remaining in Prather, then Prather holds as trustee; the complete equitable title being in Saunders, who paid the consideration money, and the same is chargeable with the lien of the judgment."  Adopting the prayer to this condition of facts, the relief asked is, that the outstanding legal title in Prather may be surrendered or held for naught as against the lien of the judgment.

It will not be seriously contended, that if the object or one of the purposes of the bill be to take away the legal title to land from the holder thereof, that such holder is a " nominal " party.  The scope of the bill was, that Saunders, the

judgment debtor, was the beneficial owner of a certain parcel of land the legal title to which was either in Prather or Rebecca E. Spears or in Saunders; that this title was kept concealed from the covinous and fraudulent intent to hide the property from his creditors; that execution on the judgment had been levied on the land, but if a sale were made with these clouds and doubts overshadowing the title, an inadequate price would be realized; therefore the aid of the court is invoked to remove the clouds and doubts, and to present to purchasers a clear and unquestioned title.

The jurisdiction invoked is beneficial to the parties, and to the public. It insures the market value of the property, and gives security and confidence in titles passed by judicial sale. It is important, therefore, that every claim to the property disclosed in the pleadings should be investigated and disposed of, so that the end aimed at may be attained, to-wit: a clear title and a sound price at the sale.

The complainant seems to be in great incertitude, as to the real truth in regard to the legal title; a discovery is necessary, from all the defendants. It is left in doubt, from the bill, whether the deed was made to Saunders when he paid the price, or whether it was made to Rebecca Spears, when she was let into possession, or whether the " legal " title is not yet outstanding in King Prather. Wherever it may be, however, it is an incumbrance and claim, which seriously interferes with the judgment. The bill is in the alternative, and assails this title, whether in Prather or Rebecca Spears; one of these parties is as necessary as the other. A suit *quia tenet*, brought for the very purpose of displacing apparent claims and doubts and establishing the title, is not in condition for a final disposition, if it is doubtful, which of two defendants is the holder of the adversary title; although the cause may be on *pro confesso* as to one, if the other has not been brought in as defendant and had opportunity to make discovery and defense. Nor will any decree rendered in this condition of the facts insure that the title has been perfected. This decree might cut off the title of ·Rebecca

Spears, but it is still left uncertain whether the legal title was ever conveyed from King Prather.

The allegation as to the claim of Rebecca Spears, is that "complainant is informed and believes." Again, "If Saunders has procured a conveyance from Prather to Rebecca Spears, as complainant is informed and believes, the fact to be," etc.

"If misinformed as to the title being in Rebecca Spears, and the same should be remaining in King Prather," etc., etc.

It was aptly said by the court, in the case of Given v. Williams, 27 Miss., 334, "that the legal merits of every suit depend, first, upon the facts of the case, and secondly, upon the rules of law arising from the facts. And without the facts showing the merits of the case, no controversy can properly be considered by a court of justice."

In this connection, the grave inquiry arises as to the effect of the *pro confesso* against Saunders and Rebecca Spears.

The West Feliciana Railroad Company v. Stockett, 27 Miss., 741, was a writ of error to a decree founded on a *pro confesso*. It was argued, that, inasmuch as no defense was made in the inferior court, the appellate court ought not to entertain objections which ought to have been made by demurrer or other form of pleading in the lower court. In response to that, the court said: "It is undeniable that it is incumbent on every party bringing his complaint into a court of justice, to make out a sufficient ground according to the settled rules of law and equity, for the relief he seeks; and this duty rests upon him before the defendant is called upon to make any defense against it, and whether he make any defense or not." This must be so; for the judgment or decree is the sentence of the law, on the facts admitted, or proved in the cause.

In Robinson v. Townsend, 3 Gill & Johns., 424, it is said: "The neglect to answer amounts to an admission only of the allegations in the bill, and nothing more."

In Platt v. Quasen, 3 Blackford, 235, the court say, "when the charges of the bill are sufficiently explicit after *pro confesso*, final decree may be made."

So, in Landen v. Ready, 1 Simons & Stew., 44, the chancellor said: "All the facts are taken to be true, but the plaintiff can only have such a decree as the facts of the case entitle him to in the judgment of the court."

In the case of Ramsey v. Barbaro, 12 S. & M., 296, the point was mooted whether a final decree could be made without proof of the allegations of the bill, the *pro confesso* notwithstanding. The court held, however, that the correct rule was laid down in the case of Landen v. Ready.

Positive and explicit statements of facts, made in the bill, are accepted on *pro confesso* as true, to the same extent as if established by the evidence against the denial of the defendant.

In this bill, the facts which constitute the equity invoked, are not stated directly, positively, and sufficiently, and the confession of them by the failure to answer cannot be broader than the statement itself.

It is a familiar rule, that if an imperfect and insufficient case be made in the bill, the plaintiff cannot have relief, although he makes out a good case in the evidence.

The office of testimony is to prove facts controverted in pleadings. It is of no avail to prove what has not been charged. Indeed, the testimony would be irrelevant and impertinent.

The controlling fact in the equity of the complainant, was that Saunders paid for the land; yet this is alleged not explicitly as a verity, but that complainant "has been informed and believes the fact so to be." On the hearing, could the chancellor give any greater effect to the *pro confesso* than that it was true; that the complainant had been so informed and did credit the information? This admission might be made, but it would not necessarily follow that the informatin was correct, and the belief well founded.

Perhaps it would have been sufficient if there had been an "explicit statement, that the fact was so," although the truth of the allegation might not be in the personal knowledge of the party, but rested on information.

The same observation is true in respect to averments of the title and claim of Rebecca Spears. Such undoubtedly was the view of the complainant and her solicitors as to the incertitude and doubt touching the real facts; for the bill claims, that should the information turn out to be incorrect, and the title should never have been conveyed from Prather, then Prather holds as naked trustee, and the land is as completely bound for the debt as though a deed had been made to Saunders.

In the final decree, the chancellor makes a summary of the facts appearing in the bill. Among others, "that Prather had conveyed the land to Saunders, who had not recorded his deed." Now the bill does not charge that a deed was made to Saunders, except inferentially. He "paid the money," but "no deed could be found of record." There is, however, the averment on information and belief that a deed was made to Rebecca Saunders.

We reverse the decree and remand the cause for further proceedings to be had in accordance with this opinion. King Prather having joined in the prosecution of the writ of error to this court, has thereby made himself party to the suit· No process, therefore, will be necessary against him in the chancery court.