COMMERCIAL BANK OF ARCADIA, LA., v. WILLIAMS *et al.**

(Division B. April 6, 1925.)

[103 So. 426. No. 24819.]

1. PARTNERSHIP. *Every member of partnership can bind all partners by drawing or indorsing commercial paper; rule agreed on by commercial partnership differing from commercial law of their state does not affect third persons having no knowledge thereof.*

   Under the commercial law of Louisiana every member of a commercial partnership can bind all the partners by drawing or indorsing commercial paper, and a different rule agreed upon among commercial partners would not affect third persons having no knowledge of such an agreement.

2. PARTNERSHIP. *Complainant alleging execution of note by partners held entitled to recover on proof of execution by one partner.*

   Complainant by his bill sought judgment on a promissory note against two defendants alleging that the note was executed by both of the defendants; the proof showed that the defendants were doing business as a commercial partnership under the laws of Louisiana, and only one of the defendants executed the note, the consideration of which was a partnership obligation, which under the laws of Louisiana was binding on the nonsigning part-

ner as well as on the signing partner. *Held*: That complainant was entitled to recover; that there was no material variance between the allegations of the bill and the proof.

---

*Headnotes 1. Partnership, pp. 504, 513; 2. Partnership, p. 586.

Appeal from chancery court of Warren county.

Hon. E. N. Thomas, Chancellor.

Foreign attachment suit by the Commercial Bank of Arcadia, La., against E. P. Williams and others, in which the Vicksburg, Shreveport & Pacific Railway Company was made defendant in nature of garnishee. Decree *pro confesso* followed by final decree was taken against defendant C. E. Case. From a decree dismissing the bill as to defendant E. P. Williams, complainant appeals. Reversed and remanded.

*A. M. Bonelli*, for appellant.

The facts show that the transaction was a partnership transaction, and that this appellee was a member of that partnership and that he was one of the parties who had bought this garage business.

Does it make any difference if Williams, the other partner, did not actually sign this note with his own hands? The liability of partners for partnership debts is clear. The law says he did sign this note if the note is a partnership note and for a partnership transaction, and holds him liable on the note. Under the law of Louisiana Williams and Case constituted a commercial partnership. The liability of commercial partners is settled by section 2872 of the Revised Civil Code of Louisiana.

In *Cedar Rapids National Bank* v. *De Laneville*, 6 Orleans App. (La.) 108, the court held that: "Where a partnership is of a commercial nature, either partner may draw, make, sign, endorse, accept, transfer, negotiate, and procure to be discounted promissory notes, bills of exchange and checks and other negotiable paper in the name and on the account of the partnership."

*H. K. Murray*, for appellees.

There was no allegation in the bill concerning partner-ship; there was no prayer for relief in the bill relating thereto; the answer, necessarily, contained nothing with reference to it; and, of course, the final decree is silent as to any such claim. Appellant's counsel, in the court below, asked many irrelevant and impertinent questions concerning the relations of Case and Williams without any allegation in his bill of complaint upon which to base this testimony. 10 R. C. L. 541.

In *Spears* v. *Cheatham*, 44 Miss. 64, Judge Simrall, speaking for the court, said: ''It is a familiar rule, that if an imperfect and insufficient case be made in the bill, the plaintiff cannot have relief, although he makes out a good case in the evidence. The office of testimony is to prove facts controverted in the pleadings. It is of no avail to prove what has not been charged. Indeed the testimony would be irrelevant and impertinent.''

See also *Tierney* v. *Klein*, 8 So. 424. It is submitted that the foregoing authority, to which much could be added, is conclusive in this case wherein the appellant is seeking to try an issue upon assignment of errors that was never raised in the pleadings herein.

*A. M. Bonelli*, for appellant in reply.

The appellee answered the appellant's brief and claimed that the proof of partnership was not called for in the pleadings and that such proof is irrelevant to the case. We must note that this proof of partnership came from himself, and that his own answer at the bottom of page 13 of the record avers, ''That he and one C. E. Case were interested in a garage business.'' The proof ob-jected to now for the first time in his brief before this court, was put in issue on the trial of the cause.

Furthermore, the very proof objected to in the brief of the appellee is admissible under the general issue, denial of liability and the argument of opposing coun-sel in his brief to the effect that this proof of partnership

is not to be taken into consideration on this appeal over-
looks the fact that he pleaded the general denial, and
thereby put in issue all proof showing liability on the
note, and that the proof of partnership relation became
admissible to show, through this relation under the law
of the state of Louisiana, that this appellee was liable
on the note and to controvert his statement that he was
not liable on the note.

Argued orally by *A. M. Bonelli,* for appellant.

Anderson, J., delivered the opinion of the court.

This was a foreign attachment suit brought by appel-
lant in the chancery court of Warren county against ap-
pellee E. P. Williams. Appellee Vicksburg, Shreveport
& Pacific Railway Company was made a defendant in the
nature of a garnishee in order to subject an indebtedness
due by it to appellee Williams to the judgment appellant
sought against the latter. The appellee E. P. Williams
was a nonresident of the state, being a resident and citi-
zen of the state of Louisiana. Appellee C. E. Case was
a resident citizen of this state and appellee Vicksburg,
Shreveport & Pacific Railway Company was doing busi-
ness in this state and both were served with a process as
defendants.

Appellant, a Louisiana banking corporation, by its
bill sought to recover a judgment against appellees, Wil-
liams and Case, the two main defendants, on a past-due
promissory note of two hundred dollars alleged to have
been executed by them payable to the order of E. P.
Woodman, and by the latter assigned in due course to
appellant. The bill alleged that the note sued on was
executed by appellees, Williams and Case, for a garage
business located in Arcadia, La., purchased by them from
said Woodman; that it was one of three notes of that
amount being for the balance of the purchase money of
the garage business. A decree *pro confesso* followed by

a final decree was taken against appellee Case. Appellee Williams answered the bill admitting, in substance, the allegations of the bill, except that he executed the note sued on or was indebted to appellant in any sum whatever, which he expressly denied. There was a trial on the pleadings and proofs resulting in a final decree dismissing appellant's bill as to appellee Williams, from which it prosecutes this appeal.

There was evidence tending to show that appellee Williams executed the note sued on. There was also evidence tending to show that he did not. The chancellor found as a fact in his decree that appellee Williams did not sign the note in question, and for that reason dismissed the bill as to him. We are of opinion that there was sufficient evidence to sustain the decree of the chancellor on that ground. Although the action of the court in so holding is assigned by appellant as error, a reversal is not urged on that ground.

The ground for reversal relied on and almost exclusively argued by appellant is that the execution of the note sued on occurred in the state of Louisiana; that the note was payable in that state; that it represented part of the unpaid purchase money for property located in that state, an automobile garage business; that the note, if not signed by appellee Williams, was signed by his partner, appellee Case, for the benefit of the firm; that appellees Williams and Case, were engaged in an automobile garage business in the state of Louisiana, which was a commercial partnership under the laws of that state; that the note sued on was one of three notes for the balance of the purchase money executed by the partnership to Woodman, from whom the partners bought said business; and that under the laws of Louisiana which govern appellee Williams was liable, even though he did not personally sign the note sued on or authorize his partner appellee Case to execute the same for the partnership.

Appellee Williams contends, however, that that question was not embraced within the pleadings; that appel-

138 Miss.—47.

lant's bill sought to recover on the note alone upon the ground that it had been executed by both the alleged makers, appellees Williams and Case, that the bill did not allege that there was liability on account of the note having been executed by one partner in a commercial partnership for the benefit of the firm and therefore binding on both partners whether authorized by the nonsigning partner or not. It developed during the trial as it appears from the record, largely in an incidental way, that the note sued on was the partnership obligation of appellees, Williams and Case, that they were engaged in the automobile garage business in Louisiana, which was a commercial partnership under the laws of that state, and that appellee Williams knew that notes had been executed by appellee Case, his partner in such partnership, for the balance of the purchase money for the partnership business. In fact there appears to be little doubt from the evidence in the record that the note sued on was a commercial partnership obligation under the laws of Louisiana binding on both partners, although the names of both were signed by only one partner.

Under section 2872, Revised Civil Code of Louisiana, it is provided that commercial partners are bound *in solido* for the debts of the partnership. And the supreme court of Louisiana has held that by the commercial law every member of a commercial partnership can bind all the partners by drawing or indorsing commercial paper; that a different rule agreed to among commercial partners would not affect third persons, unless the latter are shown to have had knowledge of such an agreement. *Cottam* v. *Smith*, 27 La. Ann. 128; *Bank* v. *De Lanenville*, 6 Orleans App. (La.) 108.

Appellee Williams contends, however, that conceding, for the sake of the argument, that appellant has made out a case by the proof under that principle of law, it cannot recover because appellant makes one case by its bill and a different case by the proof, that the proof and the allegations of the bill must correspond. Where the bill makes one case and the proof makes another, although

the latter is a good case, there can be no recovery. And to sustain that position relies on 10 R. C. L., p. 541; *Spears* v. *Cheatham*, 44 Miss. 64; *Tierney* v. *Klein*, 67 Miss. 173, 6 So. 739, 8 So. 424.

We are of opinion, however, that the case made by appellant's proof and relied on here comes within the purview of the bill. It is true it is not specifically therein set out that appellees, Williams and Case, were partners in a commercial partnership doing business in Louisiana, and the note sued on was executed by appellee Case for a partnership obligation of the firm. Nevertheless the bill does charge that the note was executed by and on behalf of both of the makers, and that there was liability joint and several of both of the makers. Whether that liability came about as the result of both of the makers actually signing the note or as the result under the laws of Louisiana of one partner alone executing the note, we think was not necessary to set out in the bill. The bill alleged liability both of the makers. The proof under the laws of Louisiana tended to establish liability of both, although it failed to establish as alleged in the bill that both makers actually signed the note.

It follows from these views that the case must be reversed, but we do not think it is a case where final judgment ought to be entered in this court for the reason that, judging from the state of the record in the case, appellee Williams was probably led to believe by the course of the trial in the court below as largely shaped by appellant that the ground of liability alone which he had to meet was that he had actually signed the note sued on with his own hand.

*Reversed and remanded.*