WOODARD v. MOSS.

(Division A.    May 12, 1947.)

[30 So. (2d) 420.    No. 36460.]

Ernest L. Shelton, of Jackson, for appellant.

Herbert Holmes, of Senatobia, for appellee.

Sydney Smith, C. J., delivered the opinion of the court.

This is an appeal from a decree rendered on a decree pro confesso cancelling an alleged claim of the appellant to land owned by appellee as a cloud thereon. The bill of complaint, after the usual caption and description of the land involved, recites "that the said Grantor was Lizzie Woodard Hall and the said Lizzie Woodard in Deed Book 'CC' at page 475, purchased said land from Ed Moss, Doxie Allen, Willie Mickens and Rena Ruffin, they being heirs at law of George Moss, Deceased who was the common source of title and the said George Moss having died and left said parties as his heirs at law. That the said Lizzie Woodard, after having purchased said land from the above named parties on the 30th day of March, 1936 married one Hall so that when she conveyed said land to your Complainant, she was Lizzie Woodard Hall. . . That after your Complainant purchased said land, he attempted to go into possession thereof and the Defendant, Charlie Woodard, refused to move out of the house on said land asserting some character or claim or pretended character or claim to said land of which

your Complainant has no knowledge or had no knowledge at the time he purchased said land. . . . That the claim of the Defendant is without any merit as against your Complainant and is a mere pretense of title and cast doubt or suspicion on the title of your Complainant, who is the owner of said land, owing the title in fee . . ."

It will be observed that the appellee's title is not deraigned in this bill of complaint, and it seems to proceed on the theory that the complainant's and defendant's title are derived from a common source, that is, George Moss, though it does not so charge in express words; but aside from that, it fails to allege that George Moss, from whose heirs Lizzie Woodard Hall, the complainant's grantor, purchased the land, died intestate, and that Ed Moss, Doxey Allen, Willie Mickens and Rena Ruffin were his *sole* heirs at law. If by the use of the words "the common source of title," the complainant intended thereby to alleged that George Moss was the common source from which he and the defendant derived their titles, he negatived any knowledge thereof, and therefore the value of the allegation by thereafter alleging that the defendant asserts "some character or claim or pretended character or claim to said land of which your complainaint has no knowledge or had no knowledge at the time he purchased said land." Moreover, had the complainant alleged that he and defendant derived their title to the land from a common source, it was incumbent on him to show by proper allegation that his title from that source is the better. This, the bill fails to do.

The final decree recites "This cause came on this day to be heard upon the original bill of complaint, process, proof and pro confesso this day entered against Charlie Woodard, Defendant," and the appellee says that these defects in the bill of complaint could have been, and we must presume were, supplied by evidence then offered. It is true that within limitations this can be done, but only to the extent of making definite and certain that which has been averred in the bill "for it is a dominant

and invariable rule that it is never of any avail to prove what has not been charged.'' Griffith's Miss. Chancery Practice, Sec. 264; Spears v. Cheatham, 44 Miss. 64, 71. What the appellee should have done, because the character of the appellant's claim to the land was unknown to him, was to have deraigned his title from the Government down.

Reversed and remanded.